

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-23-2006

# Musico v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Musico v. Comm Social Security" (2006). *2006 Decisions.* Paper 1057.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1057

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3898
_____

JAMES W. MUSICO,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05122 )
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2006

Before: SCIRICA, <u>CHIEF</u> <u>JUDGE</u>, BARRY AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>
(Filed:  May 23, 2006 )

_____

OPINION
_____

PER CURIAM

On September 14, 1998, James Musico applied for Social Security disability

insurance benefits under the Social Security Act, claiming that he was disabled due to,

among other things, six-vessel bypass heart surgery in 1993, hypertension, pain, and

depression. He was insured for disability benefits only through June 30, 1999. Musico requested a hearing on his application by an Administrative Law Judge ("ALJ"). The hearing was held on August 13, 1999. By decision dated November 17, 2000, the ALJ determined that Musico was not disabled within the meaning of the Act and, therefore, denied the application for benefits. The ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner") when the Appeals Council denied Musico's request for review. See 20 C.F.R. § 416.1481.

Musico, represented by counsel, filed a civil action in the United States District Court for the District of New Jersey, seeking judicial review of the Commissioner's final decision. Upon consideration of the administrative record and the parties' briefs, the District Court affirmed the Commissioner's final decision. Musico appeals *pro se*.

Our review of the Commissioner's final decision is based upon the certified transcript of the record of proceedings. 42 U.S.C. § 405(g). We will uphold the decision if it is supported by substantial evidence in the record, even if we would have decided the factual inquiry differently. See Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id., citing Pierce v. Underwood, 487 U.S. 552 (1988).

The ALJ evaluated Musico's application for benefits under a five-step sequential evaluation. 20 C.F.R. § 404.1520; Schaudeck v. Commissioner of Social Security Administration, 181 F.3d 429, 431-32 (3d Cir. 1999). Within that process, the ALJ found

2

that the medical evidence established that Musico has the following severe impairments that limit his vocational activities: coronary artery disease, hypertension, and multiple joint pain. The ALJ found that Musico's depression is not severe. The ALJ then considered the objective medical evidence, and the medical opinions of Musico's treating physicians. The ALJ also considered Musico's testimony regarding his limitations and abilities regarding household activities. Based upon the findings of several doctors (including Dr. Miller, Dr. Fisher, and Dr. Knep), and the objective medical reports documenting Musico's condition (including medical treatment records, X-rays, laboratory studies, arterial dopplers, and stress tests), the ALJ ultimately determined that Musico cannot perform his past relevant work as a plumber but retains the residual functional capacity to perform light or sedentary work. Applying the Medical-Vocational Guidelines, the ALJ made a finding of "not disabled" and denied Musico's claim for benefits.

Having reviewed the administrative record, we agree with the District Court's conclusion that the ALJ's decision is supported by substantial evidence. We note that the possibility of drawing two inconsistent conclusions from the evidence contained in the administrative record does not prevent an agency's finding from being supported by substantial evidence. See Consolo v. Federal Maritime Comm'n, 383 U.S. 607, 620 (1966).

Musico's primary contention on appeal is that certain evidence favorable to him went ignored. For example, regarding his depression and anxiety, he notes that he

3

testified at the hearing that Dr. Miller had prescribed Xanax for him. Yet the record also contains Dr. Miller's statement that Musico has no psychiatric history, and no evidence of psychiatric symptoms, depression, or cognitive impairments. Musico points to additional evidence of his treatment for anxiety and depression that he submitted to the Appeals Council, but in so doing, he refers to matters that post-date the ALJ's decision and that were not part of the record before the ALJ in this case. We cannot consider these matters as part of our review. Jones v. Sullivan, 954 F.2d 125, 128 (3d Cir. 1991) (evidence not presented to the ALJ "cannot be used to argue that the ALJ's decision was not supported by substantial evidence"). Further, Musico would not be entitled to a remand to the agency for consideration of his additional evidence because it does not relate to his condition during the time period at issue in this case. See Szubak v. Secretary of Health and Human Servs., 745 F.2d 831, 833 (3d Cir. 1984) (new evidence must relate to the period for which benefits were denied and not relate to a later-acquired disability or a later deterioration of a condition previously found to be non-disabling). Musico also relies on Dr. Pumill's opinion that he was permanently disabled. However, Dr. Pumill's opinion was based upon an examination in 2000, after Musico's last insured date. In addition, Dr. Pumill noted that a stress test performed in May 1999 (one month before Musico's insured status expired) was reportedly unremarkable.

Musico also contends that the Social Security Administration did not meet its burden to show that there are jobs existing in significant numbers in the national economy that he can perform, noting that no vocational expert testified at the hearing. As

4

explained by the ALJ, application of Medical-Vocational Rule 202.21directs a conclusion of "not disabled" given Musico's residual functional capacity for light work as a result of severe medically determinable impairments, his status as a "younger individual" under 20 C.F.R. § 404.1563, and his high school education level and no transferable skills. See 20 C.F.R. § 404.1569. His vocational factors coincide with the criteria of the Medical-Vocational rule, so the existence of occupations in the national economy is met by administrative notice. See 20 C.F.R. Part 404, Subpart P., Appendix 2, § 200.00(b). Finally, Musico appears to argue that age should not be the ultimate, controlling factor in denying him benefits. As reflected in the ALJ's decision, Musico's age was but one of the several factors considered when applying the Medical-Vocational rules.

We have considered all of Musico's arguments on appeal and conclude that they are unavailing. We will affirm the order of the District Court.